UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| PRESTON W. SIMPSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:20-CV-276-SNLJ |
| STAFFORD #887, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented plaintiff Preston W. Simpson, an incarcerated person at Stoddard County Jail, to proceed in the district court without prepayment of fees and costs. For the reasons explained below, the Court will allow plaintiff to proceed without prepaying fees or costs, and will assess an initial partial filing fee of $38.05. Additionally, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Initial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepaying fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff's certified account statement submitted as required by 28 U.S.C. § 1915(a)(2) shows that he received an average of $190.25 per month from June, 2020 through December, 2020. Based on plaintiff's certified account statement, the Court will grant plaintiff's application to proceed in the district court without prepaying fees or costs and will assess an initial partial filing fee of $38.05, which is twenty percent of his average monthly deposit.

### Legal Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed without prepaying fees and costs if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

A complaint fails to state a claim upon which relief may be granted if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

### The Complaint

Plaintiff's statement of his claim, in full, is as follows:

> On or about (11/19/2020) "Deputy #887 Stafford (Defendant #1)" confiscated multiple letters that belong to me. The letters are "Sentimental" to me. That is the basis of injuries here! This happened here @ the Stoddard County Jail. I was told

2

> a file to hold my letters was created. The letters are from: "Rebecca (Becky) Ann Mayberry" via "Return to Sender" mailing when I wrote her.

*Id.* at 3.[1]

Plaintiff states that the confiscation of these "Return to Sender" letters "*may* be violating the Fourth Amendment." *Id.* at 6 (emphasis added). For relief, plaintiff seeks a return of his letters, court costs, and $777.77 in punitive damages "to encourage deputies from further 'power thrust' on me!"

## Discussion

It is well settled that inmates have a First Amendment right to receive mail, but that right may be limited by prison regulations that are reasonably related to a legitimate penological interest. *Weiler v. Purkett*, 137 F.3d 1047, 1050 (8th Cir. 1998); *see also Griffin v. Lombardi*, 946 F.2d 604, 607 (8th Cir. 1991) (stating that prison inmates have a recognized First Amendment interest in receiving mail, but that prisoners are also subject to the valid regulations of a prison). This case presents a unique situation in that plaintiff is not alleging violations of his First Amendment rights. His right to receive mail is not being curtailed, that is, he does not allege that mail from outside the prison written by a third-party and addressed to plaintiff is being confiscated. Nor does plaintiff allege that any of his written communications are being restricted. Rather, plaintiff alleges that prison officials are not returning to plaintiff letters written by him and mailed to his girlfriend that were returned to the jail marked "Return to Sender." Plaintiff is not alleging these letters are being destroyed, but that a file has been created for these letters and they are being stored in this file.

---

[1] Plaintiff captions his case as *Simpson v. Stafford #887, et al.*; however, his complaint lists only one defendant, Deputy Stafford #887 of the Stoddard County Jail. For his second defendant, plaintiff lists simply "et al." which comes from the Latin phrase meaning "and others." *See Merriam-Webster Dictionary*, http://merriam-webster.com/dictionary/et al. (last visited Jun. 17, 2021). Because plaintiff has not identified any other defendants, the Court construes plaintiff's complaint as being brought only against defendant Stafford #887.

3

*See* ECF No. 1 at 3; ECF No. 1-2 at 2. Liberally construed, plaintiff alleges that the confiscation of these letters violate his Fourth Amendment right to be free of illegal seizure.

As the Supreme Court has stated, "A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates in their cells required to ensure institutional security and internal order." *Hudson v. Palmer*, 468 U.S. 517, 527-28 (1984). "Loss of freedom of choice and privacy are inherent incidents of confinement." *Id.* (citing *Bell v. Wolfish*, 441 U.S. 520, 537 (1979)). If plaintiff has no legitimate expectation of privacy to the papers in his cell, no Fourth Amendment violation has occurred. *United States v. Hogan*, 539 F.3d 916, 924 (8th Cir. 2008).

Mail that is not constitutionally protected may not form the basis of a 42 U.S.C. § 1983 claim. For example, the Eighth Circuit has long held that prison officials are authorized to read and copy outgoing prisoner mail without violating a prisoner's Fourth Amendment rights. *United States v. Kelton*, 791 F.2d 101, 102 (8th Cir. 1986). "[I]t is well established that intrusions into a prisoner's personal mail for security reasons do not contravene the strictures of the Constitution." *Bumgarner v. Bloodworth*, 768 F.2d 297, 301 (8th Cir. 1985); *see also Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir. 1981) ("Non-privileged inmate mail is clearly not immune to inspection, thus such inspections cannot give rise to civil rights violations. . . . Institutions may impose restrictions on the receipt of packages from outside the penitentiaries.") Plaintiff has not alleged his letters to his girlfriend are constitutionally protected. Under the Fourth Amendment, these letters are subject to inspection by jail staff before they are mailed, as they are unprivileged personal mail. *See Bumgarner*, 768 F.2d at 301. Upon their return to sender, the Stoddard County Jail may confiscate these letters for security reasons consistent with the legitimate objectives of the institution. *See Jensen*, 648 F.2d at 1182. Plaintiff makes no allegations that these letters are anything other than

4

unprivileged personal mail. Because plaintiff has established no Fourth Amendment right in his returned outgoing unprivileged personal mail, the Court cannot find defendant Stafford #887 violated plaintiff's Fourth Amendment rights by placing these letters into a file instead of returning them to plaintiff.

To the extent plaintiff seeks to allege a claim against defendant Stafford #887 for return of property under the Fourteenth Amendment, this claim also will be dismissed. "When a state employee's unauthorized, random acts deprive a person of property, the state employee's acts do not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Clark v. Kansas City Mo. Sch. Dist.*, 375 F.3d 698, 702 (8th Cir. 2004). Missouri provides such an adequate post-deprivation remedy. *See Orebaugh v. Caspari*, 910 F.2d 526, 527 (8th Cir. 1990). Specifically, an individual claiming the right to possession of personal property may bring an action in replevin. Mo. R. Civ. P. 99.01; *see also Allen v. City of Kinloch*, 763 F.2d 335, 337 (8th Cir. 1985) (stating that plaintiff seeking return of personal property under 42 U.S.C. § 1983 failed to establish any violation of his constitutional rights because he could obtain adequate relief by filing a replevin action under Missouri law).

To the extent plaintiff states the confiscated letters are "sentimental to me," the PLRA provides "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). Although there are slight exceptions for First Amendment claims, plaintiff has not alleged any First Amendment claims.

5

Additionally, to the extent plaintiff attempts to state a claim against defendant Stafford #887 in his official capacity as an employee of the Stoddard County Jail, plaintiff's claims are subject to dismissal. Official capacity claims against such individuals are actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). As such, the claim against Stafford #887 in his official capacity is actually a claim against Stoddard County itself. Plaintiff's claims against the Stoddard County Jail must be dismissed. The Stoddard County Jail is a county jail, and "county jails are not legal entities amenable to suit." *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

For the foregoing reasons, plaintiff's claims against defendant Stafford #887 brought pursuant to 42 U.S.C. § 1983 will be dismissed without prejudice on initial review. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $38.05 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance

6

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 4]

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 17th day of June, 2021.

                                                     _/s/ Stephen N. Limbaugh, Jr._
                                                     STEPHEN N. LIMBAUGH, JR.
                                                     SENIOR UNITED STATES DISTRICT JUDGE